No. 3783

Second Circuit

CHAPMAN v. PEAVY-WILSON LUMBER COMPANY

(November 7, 1930. Opinion and Decree.)

George T. McSween, of Shreveport, attorney for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

WEBB, J. This suit was instituted to recover compensation under the Employers' Liability Statute (Act No. 20 of 1914, as amended).

Plaintiff alleged that, on the 10th day of December, 1928, while in the course of his employment with defendant and engaged in carrying lumber over a tram or boardwalk about eight inches in width, he lost his balance and fell astride of the walk, impairing one of his testicles, which had rendered it necessary to remove the gland, and had resulted in permanently totally disabling him to do work of any reasonable character; and he prayed for judgment on the basis of permanent total disability, and for an additional amount for medical fees.

Defendant admitted that plaintiff was employed by it on the date of the alleged accident and otherwise denied plaintiff's allegations; and plaintiff appeals from a judgment rejecting his demands.

Appellant does not contend here that the alleged injury had resulted in disabling him to do work of any reasonable character, but he urges that the evidence established that he sustained an accidental injury of one of his testicles which rendered it necessary to remove same, and that com-

pensation should be allowed for 100 weeks under the provisions of paragraph 16, clause (d), subsection 1, section 8, of the statute (Act No. 242 of 1918), and for the period he was disabled following the removal of the gland, and for a reasonable medical fee; while defendant and appellee urges that the evidence failed to establish that plaintiff had sustained any accident at the time alleged which had resulted in injury to his testicle, and, if so, that the loss of one of the testicles is not compensable under the statute.

The evidence introduced on behalf of plaintiff was his statement that on the date alleged an accident had occurred in the manner alleged, but that he had continued to work, and did not make any complaint until the injured gland became swollen, about December 26, 1928, when he advised the foreman and a physician representing the defendant of the accident and injury, and the testimony of the physicians who operated on plaintiff on the 26th of January, 1929, at the Charity Hospital, removing one of his testicles, who stated that plaintiff had "orchitis," a disease of the testes, which may result from a venereal disease, or from an injury; while, on behalf of defendant, evidence was offered showing that plaintiff had not complained to any of his fellow workmen of having sustained an accident, and the testimony of the foreman and physician whom plaintiff claimed to have advised of the alleged accident and injury, who denied that plaintiff had made any such complaint; and further evidence was offered showing that plaintiff had a venereal disease which had affected his testes, of which he had complained for many months prior to the alleged accident.

The mere fact that plaintiff did not advise anyone of the alleged accident may not have been material, and, as suggested by counsel, would have been of little significance if plaintiff did not regard the injury as serious, but the fact that plaintiff said he had advised the foreman and physician of the accident, which was denied by them, tends to affect his credibility. However, even though it be conceded that plaintiff sustained an accident, his failure to advise the physician of it indicates that he did not regard the accident as the cause of his condition at the time he consulted the physician; and the evidence showing that plaintiff had suffered with a venereal disease which had affected his testes prior to the alleged accident, and that the condition apparently existing at the time plaintiff consulted the physician was the same as had existed prior to the accident, tends to support the conclusion that the accident was not the cause of the condition.

Aside from this, however, the evidence established that the disease "orchitis" may have resulted from the venereal disease with which plaintiff suffered, and we are of the opinion that the evidence supports the opinion of the physician representing defendant, who attended plaintiff before and after the date of the alleged accident, that the disease was attributable to the venereal disease, rather than the opinion of the physicians called by plaintiff, that the disease resulted from trauma.

We are of the opinion that the evidence failed to establish that the disease "orchitis" causing the loss of plaintiff's testicle resulted from any injury, and it is unnecessary to determine whether an injury resulting in such loss would be compensable under the statute.

The judgment appealed from is affirmed.